UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CRAIG LESLIE ANDERSON,

Defendant.

Case No. 10-CR-0017 (PJS/FLN)
Case No. 12-CV-0854 (PJS)

ORDER

Craig Leslie Anderson, defendant pro se.

Defendant Craig Leslie Anderson was convicted by a jury of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court sentenced Anderson to 45 months in prison and 3 years of supervised release. Anderson's conviction and sentence were recently affirmed on direct appeal. *See United States v. Anderson*, 674 F.3d 821 (8th Cir. 2012).

This matter is before the Court on Anderson's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. For the reasons stated below, the motion is denied. Because the record conclusively demonstrates that Anderson is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

Anderson first asks the Court to reduce his sentence for humanitarian reasons, stating that his parents are elderly and infirm and that he may never be reunited with them. Anderson has expressed these concerns to the Court on numerous occasions — before, during, and after his sentencing — and the Court took these concerns into account in deciding to give Anderson a sentence that was roughly half of the sentence sought by the government and recommended by the Sentencing Guidelines. Section 2255 allows a court to vacate, set aside, or correct a federal

sentence only if the sentence was imposed in violation of the Constitution or laws of the United States. Thus, a plea to reduce a sentence for humanitarian reasons is not cognizable under § 2255. *Cf. United States v. Addonizio*, 442 U.S. 178, 185 (1979) (decision is not subject to collateral attack unless "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice" (citation and quotations omitted)). Moreover, even if Anderson's argument regarding his parents were a cognizable § 2255 claim, Anderson made the same argument on direct appeal and lost, which bars him from relitigating it now. *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (en banc) ("With rare exceptions, § 2255 may not be used to relitigate matters decided on direct appeal.").

Anderson next argues that he did not know that federal law prohibits him from possessing ammunition. As the Court has already held, however, this is not a defense to a felon-in-possession charge under § 922(g)(1). *See United States v. Menteer*, 350 F.3d 767, 773 (8th Cir. 2003), *vacated and remanded on other grounds*, 544 U.S. 916, *reinstated*, 408 F.3d 445 (8th Cir. 2005) (per curiam). To the extent that Anderson contends that the Court should reduce his sentence based on his lack of knowledge, he has not raised a cognizable § 2255 claim. Moreover, the Court said at sentencing that it believed that Anderson did not know that possessing ammunition was unlawful under federal law, and the Court cited that fact as one of the reasons for giving Anderson a substantial downward variance.

Finally, Anderson points out that he is not prohibited from possessing ammunition under *state* law, citing *United States v. Miller*, 105 F.3d 552 (9th Cir. 1997). The scope of Anderson's argument is not clear, especially as he says that he is not asking the Court to overturn his

conviction. Whatever the nature of Anderson's argument, however, *Miller* provides no grounds for relief.

*Miller* concerned the application of 18 U.S.C. § 921(a)(20), which provides that a prior offense is not a predicate conviction for purposes of § 922(g)(1) if the offender's civil rights have been restored with respect to that conviction. Section 921(a)(20) contains an exception to the exception, however. In what is called the "unless" clause, the offense remains a predicate offense if the "restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."[1]

At the time *Miller* was decided, courts were split over whether the "unless" clause applied to defendants whose civil rights had been only partially restored. Some courts, including the Ninth Circuit, had held that a partial restoration of rights that permitted a defendant to possess certain kinds of firearms meant that the defendant could not be convicted under § 922(g)(1) for possessing a firearm that state law permitted him to possess. In keeping with this reading of § 921(a)(20), *Miller* affirmed the defendant's conviction for possessing a gun but reversed his conviction for possessing ammunition because (as the government conceded) the

_____

[1]The relevant text of § 921(a)(20) is as follows:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

defendant was not prohibited from possessing ammunition under state law. *Miller*, 105 F.3d at 554.

*Miller*, however, is no longer good law. In *Caron v. United States*, 524 U.S. 308 (1998), the Supreme Court held that, so long as a defendant is forbidden to possess *any* type of firearm under state law, then the "unless" clause applies and the prior offense is a predicate offense for purposes of § 922(g)(1) whether or not state law permits the defendant to possess the *particular* firearm at issue. *Caron*, 524 U.S. at 315-17; *see also United States v. Sonczalla*, 561 F.3d 842, 844 (8th Cir. 2009) ("If the applicable state law prohibits a person from possessing any type of firearm, then that person's civil rights have not been restored for purposes of § 921(a)(20)."); *United States v. Collins*, 321 F.3d 691, 698 (8th Cir. 2003) ("Instead of examining whether Minnesota state law prohibits Collins from possessing the ammunition at issue, we must now determine whether Minnesota law prohibits him from possessing any type of firearm."); *DeRoo v. United States*, 223 F.3d 919, 926 (8th Cir. 2000) ("However, whether state law allows DeRoo to possess ammunition is immaterial. . . . Section 921(a)(20) does not also require the state to expressly exclude possession of ammunition.").

There is no dispute that Anderson is prohibited from possessing firearms under state law. To begin with, at trial, he stipulated that he had a predicate offense for purposes of § 922(g)(1). *See* ECF No. 56 at 10. Setting that aside, at the time Anderson committed his offense, he was on state supervised release and thus was subject to an undischarged sentence. *See* ECF No. 28 at 5; Gov't Ex. 1, Feb. 24, 2010 Hr'g (supervised-release conditions prohibiting Anderson from possessing any type of firearm or dangerous weapon) [Exhibit List at ECF No. 26]. Thus, his civil rights had not been even partially restored and § 921(a)(20) is wholly inapplicable. *See*

Minn. Stat. § 609.165, subds. 1, 2 (stating that a convict's civil rights are restored on discharge, which is either by order of court or upon expiration of the sentence); *State v. Hannam*, 792 N.W.2d 862, 864 (Minn. Ct. App. 2011) ("Once an inmate completes the terms of imprisonment and supervised release, the inmate's sentence expires.").

Finally, Anderson's past convictions include a 2008 conviction for fifth-degree possession of methamphetamine and a 2008 conviction for making terroristic threats, both of which are felonies, *see* Minn. Stat. § 152.025, subd. 2; Minn. Stat. § 609.713, and both of which are "crimes of violence" for purposes of Minnesota's civil-rights-restoration statute, *see* Minn. Stat. § 624.712, subd. 5.[2] Anderson is thus subject to a lifetime ban on the possession of firearms under state law. *See* Minn. Stat. § 624.713(2), (10)(i); Minn. Stat. § 609.165, subd. 1a; *Sonczalla*, 561 F.3d at 845 ("Finally, in 2003, [Minn. Stat. § 624.713] was amended to impose a lifetime ban on the possession of firearms by a person convicted of a crime of violence."); *State v. Kruse*, No. A04-2121, 2005 WL 2739324, at *1 (Minn. Ct. App. Oct. 18, 2005) ("Minnesota law prohibits firearm possession by a person who 'has been convicted in any court of a crime

_____

[2]Because, as noted, Anderson stipulated that he had a predicate felony, the government did not offer any proof of Anderson's prior convictions at trial. References to Anderson's prior convictions are scattered throughout the record, but the Court primarily relies on the list of convictions in Anderson's PSR (to which Anderson did not object).

The Court notes that the only predicate offense alleged in the indictment is Anderson's 2008 conviction for possession of methamphetamine. *See* ECF No. 1. As discussed above, this drug offense subjects Anderson to a lifetime ban on possession of firearms under state law. Thus, even if the drug offense is the only predicate offense that the Court can consider, *cf. United States v. Steele*, 82 Fed. Appx. 172, 175-77 (7th Cir. 2003) (discussing whether variance in proof of conviction alleged in indictment was an impermissible amendment of the indictment), it is clear that Anderson has a qualifying predicate offense for which his civil rights have not been restored.

punishable by imprisonment for a term exceeding one year.'" (quoting older version of § 624.713)).

Because there is no dispute that, at the time of his federal offense, Anderson was prohibited from possessing firearms under state law, Anderson's prior convictions remain predicate offenses for purposes of § 922(g)(1), and Anderson was properly convicted as a felon in possession of ammunition under that statute. Anderson's § 2255 motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 104] is DENIED.

2.  No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 3, 2012                              s/Patrick J. Schiltz                              
                                                 Patrick J. Schiltz
                                                 United States District Judge